**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                               :
INSIGNIA INVESTMENT MANAGEMENT :
GROUP, LLC,                    :   CIVIL ACTION NO. 07-4853 (MLC)
                               :
        Plaintiff,            :   MEMORANDUM OPINION
                               :
        v.                     :
                               :
ARYEH M. SCHOTTENSTEIN, et al., :
                               :
        Defendants.           :
                               :
```

**THE COURT** ordering the plaintiff to show cause why the
action should not be transferred to the United States District
Court for the Northern District of Ohio under 28 U.S.C. §
("Section") 1404 (dkt. entry no. 41, Order to Show Cause
("OTSC")); and the plaintiff — which is a limited liability
company — bringing this action to recover damages sustained from
"a scheme devised, promoted, operated and facilitated by the
Defendants . . . to defraud Plaintiff . . . of approximately
$5,000,000", related to "forty-one properties . . . [that] are
the subject matter of loans based on highly inflated property
values" ("Forty-One Properties") (dkt. entry no. 1, Compl. at 3-
5); and the plaintiff alleging, <u>inter alia</u>, claims pursuant to
the Racketeer Influenced and Corrupt Organizations Act ("RICO"),
18 U.S.C. § 1962, and thus alleging jurisdiction under Section
1331 (Compl. at 61, 129-34); but the plaintiff also alleging
jurisdiction under Section 1332 (<u>id.</u> at 61), discussed <u>infra</u>; and

**THE PLAINTIFF** naming twenty-seven "defendants", and forty-three "persons/entities of interest" (id. at 1-3); and it appearing that of the twenty-seven defendants, the plaintiff alleges that (a) twenty-one are Ohio citizens, (b) two are Michigan citizens, but connected to the Ohio citizens at issue, (c) the citizenship of one is not known, and (d) three are based in Ohio (id. at 5-31); and it appearing that of the forty-three persons/entities of interest, the plaintiff alleges that (a) thirty-one are Ohio citizens, (b) one is a Georgia citizen, and one is a Michigan citizen, but that both are connected to the Ohio citizens at issue, (c) the citizenship of six is not known, and (d) four are based in Ohio (id. at 35-60); and

**IT FURTHER APPEARING** that the Forty-One Properties are located in the Ohio municipalities of Akron, Canton, Cleveland, Massillon, and Youngstown, all of which are situated within the United States District Court for the Northern District of Ohio (Compl., Ex. A, Spreadsheet of Subject Properties); and the plaintiff alleging that "the scheme as it was actually carried out was in violation of Ohio law", and citing provisions of the Ohio Revised Code in support (id. at 73-74); and

**IT APPEARING** that some negotiations underlying the "scheme" may have been conducted through electronic correspondence sent to New Jersey; but it appearing that the mortgage notes concerning

2

the Forty-One Properties — which were executed between the plaintiff and the defendants Amy Buffa, Craig Buffa, Brandye Sue Dague, Angela Longhitano, Donta Mustin, Erin E. O'Neill, Brandon D. Parmer, and Summer A. Smith, respectively — (1) state that each "Mortgage shall be governed by and construed under the laws of the State of Ohio", and (2) were prepared and executed in Ohio (id., Ex. B-1 through Ex. B-41, Open-End Mortgs., Assignments of Rents & Sec. Agmts. (quotes and executions found on page 12 or pages 12-13 of each)); and it further appearing that the loan servicing agreement between the plaintiff and the defendant Parkview Investors Banc, Inc., a/k/a Parkview Investors Lending, Inc., states that they "agree that any dispute or controversy arising under or relating to this Agreement or the transactions contemplated hereby, shall be governed by and construed in accordance with the laws of the State of Ohio" (id., Ex. E, Loan Referral & Serv. Agmt. at 11); and

**IT FURTHER APPEARING** that the plaintiff may have brought a proceeding against certain defendants in Ohio state court in 2006 ("Ohio State Proceedings"), see No. 06-2034 (Ohio Ct. Com. Pleas, Stark County); and

**THE DEFENDANT** Aryeh M. Schottenstein denying that this Court has personal jurisdiction over him (dkt. entry no. 17, Answer at ¶ 40); and the defendant Laraine E. Porter-Stelzer submitting a procedurally-improper answer and motion to the Court, but

3

objecting to the New Jersey venue and seeking transfer of the action to Ohio (dkt. entry no. 35, Answer at 2);[1] and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**IT APPEARING** that this action — assuming, arguendo, that the Court has subject matter jurisdiction and personal jurisdiction — would have been more properly brought in a court in Ohio, where (1) the Forty-One Properties are located, (2) the overwhelming majority of the defendants and persons/entities of interest are located, (3) a court will be familiar with the sites of the Forty-One Properties, (4) most of the witnesses — particularly the individual defendants — live and can be compelled to testify, (5) evidence will be found, (6) controlling Ohio law will be easily applied, and (7) citizens will have an interest in the outcome, see, e.g., United Equity & Funding Corp. v. PDQ Props. Corp., No. 01-1654, 2001 WL 1175136, at *1 (E.D. Pa. July 25, 2001) (granting motion to transfer to South Carolina, even though plaintiff was Pennsylvania citizen, in breach of contract action concerning purchase of real estate in South Carolina, as "that forum has a

---

[1]  This party has renewed the objection to venue.  (See dkt. entry no. 45, Objection to venue.)

4

strong interest in adjudicating an action relating to real estate located there"); Contimortg. Corp. v. Stewart Title Ins. Co., No. 96-7548, 1997 WL 535186, at *2-*3 (E.D. Pa. Aug. 5, 1997) (granting motion to transfer to New York, even though plaintiff was Pennsylvania citizen, in action concerning a purchase money mortgage and note, as (1) relevant property located, and closing occurred, in New York, and (2) New York court more conveniently located if visit to property is required); and

THE COURT thus ordering the plaintiff to show cause why the action should not be transferred to the Northern District of Ohio (OTSC at 6); and the plaintiff asserting in response that it is not involved in the Ohio State Proceedings (dkt. entry no. 43, Pl. Br. at 4); and the Court assuming that assertion to be true; but

THE PLAINTIFF merely alleging that New Jersey is the proper venue because it, as "a resident of New Jersey, maintaining its principal place of business [in] New Jersey", was "targeted . . . in New Jersey" (id. at 2 & 3); and the Court pointing out in the Order to Show Cause that the plaintiff's allegations concerning its New Jersey "residency" — as opposed to its "citizenship" as a limited liability company — were deficient (see OTSC at 1 n.1 (stating "plaintiff has failed to properly allege the citizenship of each party, including itself"); see also id. at 2 n.2); and thus the Court giving the plaintiff's choice of forum little weight; and

5

**IT APPEARING** — despite the plaintiff's argument that it would be "manifestly unjust" to compel litigation of these claims in Ohio (Pl. Br. at 2) — that the plaintiff should have expected to be so compelled, as (1) the Forty-One Properties are in Ohio, (2) most of the defendants are in Ohio, and (3) the agreements at issue are governed explicitly by Ohio law; and the plaintiff also conceding that the Forty-One Properties are located in Ohio, and "certain actions in furtherance of the fraudulent conspiracy [were] carried out in Ohio" (Pl. Br. at 7); and

**IT APPEARING**, contrary to the plaintiff's argument (see Pl. Br. at 5-6), that a federal district court in Ohio can address any claims that may arise under New Jersey law, see, e.g., Crystal Clear Imaging v. Siemens Med. Solutions, No. 07-441, 2008 WL 2114867, at *5-*6 (S.D. Ohio May 19, 2008) (interpreting contract under New Jersey law); Gentek Bldg. Prods. v. Sherwin-Williams Co., No. 02-13, 2006 WL 1805935, at *1-*2 (N.D. Ohio June 29, 2006) (assessing award of damages and prejudgment interest under New Jersey law); Days Inn Worldwide v. Sai Baba, Inc., 300 F.Supp.2d 583, 589-91 (N.D. Ohio 2004) (interpreting contract under New Jersey law); and

**THE COURT** carefully reviewing the plaintiff's other arguments, and finding them to be without merit (see Pl. Br. at 2-9); and the Court thus intending to (1) grant the order to show cause, and (2) transfer the action to the Northern District of

6

Ohio; and for good cause appearing, the Court will issue an
appropriate order.

                                                 s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:  December 11, 2008